ALICE J. CHILDS AND OTHERS v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

1. The Somerville and Elizabethtown Railroad Company were authorized to take for their road-bed a strip of land not exceeding sixty-six feet in width. The Somerville and Easton Railroad Company, under the name of the Central Railroad Company of New Jersey, were au-

thorized to purchase the former road, and the act conferring such authority contained a provision that the road so purchased, "in its further construction and completion, maintenance, use, and enjoyment, should be regulated and governed by the provisions of the charter of the Somerville and Easton Railroad Company." The latter company were authorized to take land for their road-bed not exceeding one hundred feet in width—

*Held*—That by force of these provisions, the Central Railroad Company had the right to widen the road-bed of the Somerville and Elizabethtown Railroad to a width not to exceed one hundred feet.

*Held*, further—That the fact that the new company continued to run cars for a number of years over the road, as constructed by the Somerville and Elizabethtown Railroad Company, did not estop them from widening this part of the road, on the ground that they had treated the road as completed. As it did not appear that they had ever before exercised their right to widen this road, it could not be said that they had exhausted the power for this purpose conferred upon them.

2. This case distinguished from *The Morris and Essex Railroad Co.* v. *Central Railroad Co.*, 2 *Vroom* 206.

On *certiorari*, &c.

This *certiorari* brought up the proceedings of commissioners condemning certain lands of the prosecutors for the use of the Central Railroad Company. The circumstances were these:

By an act of the legislature, approved February 9th, 1831, the Elizabethtown and Somerville Railroad Company was incorporated. This company was authorized to take the land necessary for the construction of their road, not exceeding sixty-six feet in width.

On the 26th of February, 1847, the Somerville and Easton Railroad Company was incorporated, and in the construction of their road they were authorized to take land not exceeding one hundred feet in width. By the act of 22d of February, 1849, this company was authorized to purchase the railroad of the Elizabethtown and Somerville Railroad Company. This charter contained the following provision, viz.: "That when the said purchase shall be made, the railroad so purchased shall be and become a part of the railroad authorized

Childs et al. v. Central Railroad Co.

to be constructed by 'The Somerville and Easton Railroad Company;' and in its further construction and completion, maintenance, use, and enjoyment, shall be regulated and governed by the provisions of the charter of the last named company, and for that purpose all and every provision of the act entitled 'an act to incorporate the Somerville and Easton Railroad Company,' shall extend and be applicable to the railroad so purchased, in every respect, as if the same had been authorized to be made, and had been made, under the last mentioned act."

It further appeared, that at the time of the passage of the act last aforesaid, the Elizabethtown and Somerville Railroad Company had laid their track along the lands of the plaintiff, taking for this purpose but thirty-three feet, instead of the sixty-six feet, which they had authority to appropriate. The cars, both before and since the purchase of this road by the defendants, have been run over the track thus laid.

The lands of the prosecutors which have been condemned, lie on the south side of the railroad track, as now laid, and are embraced within a line parallel with, and fifty feet distant, at a right angle from the line of the survey of the Elizabethtown and Somerville Railroad, filed in the office of the secretary of state.

Argued before the CHIEF JUSTICE, and Justices BEDLE, DALRIMPLE, and DEPUE.

For prosecutors, *Magie* and *Cross*.

For defendants, *B. Williamson*.

BEASLEY, CHIEF JUSTICE. The Elizabethtown and Somerville Railroad Company, by their charter, had authority to take a strip of land not exceeding sixty-six feet in width, for the construction of their road. By force of this grant of power, they took a strip only thirty-three feet in width, and

upon the land thus appropriated laid their road, and commenced to run their cars.   In this condition of things, in the year 1849, the act was passed empowering the Somerville and Easton Railroad Company to purchase the road thus constructed and in operation, and to assume the name of the Central Railroad of New Jersey.   The purchase was made, and this . new company, for the purpose of widening their road-bed, and enlarging their capacity for business, are now engaged in taking up more land than was embraced in the tract originally appropriated to their uses by the Elizabethtown and Somerville Railroad Company.   The last named company acquired a strip of land on the south of the centre line of their survey, of the width of thirty-three feet; the present endeavor of the defendants is to extend such tract to the width of fifty feet.   By such extension the land of the prosecutors is encroached upon.

The power thus sought to be exercised is acquired by the defendants, as they insist, by virtue of the third section of the act of 1849, which is the act which enabled them to become the proprietors, by purchase, of the Elizabethtown and Somerville road.   The clause referred to declared that the road so purchased should " become a part of the railroad authorized to be constructed by the Somerville and Easton Railroad Company; and in its further construction and completion, maintenance, use, and enjoyment, should be regulated and governed by the provisions of the charter of the last named company."   Among the provisions of the charter thus designated is the authority to acquire, by condemnation, if necessary, a line of land for their road not exceeding one hundred feet in width.   The defendants contend that this provision applies to the road between Elizabethtown and Somerville, by force of the clause of the act just quoted.

I agree in this construction.   The purpose of the supplement of 1849 was to consolidate the two companies, and give to them conformity of action and construction.   It would require the clearest language to lead to the interpretation that it was the design of the legislature to leave the road thus

established with a road-bed, between Somerville and Elizabethtown, of less width than that possessed by it on the other parts of its route. If it is to be limited to the acquisition of land but thirty-three feet wide on any considerable section of its road, the capacity to extend to one hundred feet in width on other parts, would be of but little practical benefit. The ability to make this entire road, from one terminus to the other, of a uniform width, is, I think, clearly conferred by the statutory provision in question.

But it is said for the prosecutors, that the defendants, if they originally possessed the right to take one hundred feet of land for their road at the point in dispute, have lost such right by taking a less quantity. The principle is invoked, that when a discretion to take land, not exceeding a certain measure, is given to a railroad company, and they exercise such discretion, and take such land as they want, and finish their road upon that basis, the power of taking land under the grant is exhausted. Such was the principle approved in *The Morris and Essex Railroad Company* v. *The Central Railroad Company*, 2 *Vroom* 206. But that principle does not apply to this case. This road-bed was laid to the width of thirty-three feet between Elizabethtown and Somerville when it was purchased by the defendants; they then acquired the right to widen it, so as to make it one hundred feet in width; but there is nothing in the case to show that they have ever, until the present time, attempted to exercise this additional power thus conferred upon them. They cannot be said to have exhausted a power which they have never, in any degree, exercised. The mere fact that they have been running their cars over this road-bed in the condition in which it was left by the superseded company, cannot give rise to the implication that they considered or treated the road as completed. If in point of fact this road has been used and treated as a finished road by this company, such fact should have been manifested to the court. The mere circumstance of cars having been run upon it, is not of itself sufficient, as such is often the case on incomplete roads. But

besides this consideration, the sixth section of the supplement to the defendants' charter, approved 17th March, 1854, which is an authority to take more land than one hundred feet in width, in case of necessity, from excavations or embankments, is a strong legislative recognition of the continuance of the power of this company to have land sequestered for the purposes of their road.

The defendants must prevail on this *certiorari*.

Justices BEDLE, DALRIMPLE and DEPUE, concurred.

CITED *in State, M. & E. R. R. Co., pros.,* v. *Hudson Tunnel Co.,* 9 *Vr.* 555.